UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:  Case No: 1:17-mj-89
Black Samsung flip style phone bearing the
Unique MEID HEX A00000476829CC

**AFFIDAVIT**

I, Jedidiah J. Hutchison, being duly sworn, depose and say as follows:

A. Background of Affiant

1. I make this affidavit in support of a search warrant for data, information, and/or records related to narcotics trafficking stored inside the above-captioned cellular telephone (the "Target Device"), as further described in Attachment A. The items to be searched for and seized are described herein and in Attachment B.

2. I am a Postal Inspector with the United States Postal Inspection Service. I have been employed in this capacity since 2010. I am currently assigned to the United States Postal Inspection Service ("USPIS") Office in Chattanooga, Tennessee. I am responsible for investigating crimes involving the United States Postal Service ("USPS"), its employees, and its customers. These crimes include but are not limited to employee assaults, mail fraud, mail theft, identity theft, and prohibited mailings including child pornography and illegal narcotics.

3. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests without warrant for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is

Page 1 of 6

committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

4. From my training and experience, I know that the USPS is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

5. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21. Under Title 18 United States Code, Section 1342 makes it illegal to receive mail matter or packages addressed to fictitious names while carrying on unlawful business.

6. I know from training, experience, and conversations with other Law Enforcement officers that narcotics traffickers will utilize communication devices such as cellular telephones while discussing narcotics shipments and payments. Also present in the cellular telephone and/or records will be information concerning co-conspirators involved in narcotics trafficking. Narcotics traffickers will also utilize what are known as "burner phones" which

are used for a short time in narcotics activity and then thrown away in order to get a new phone. The purpose of switching phones frequently is in order to prevent Law Enforcement from gathering important historical information concerning narcotics trafficking activities.

7. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

B. Probable Cause

8. In or about December 2016, Postal Inspectors in California identified a suspicious USPS Mail package addressed to an address in California bearing the return address of 1214 Belmeade Ave. in Chattanooga, Tennessee. A federal search warrant was obtained in reference to the package and upon execution, law enforcement discovered a large sum of bulk US currency. The currency was weighed and photographed, and law enforcement then returned the currency to the package in order to make it appear as though law enforcement had not intercepted the package. The estimated total amount of currency was $200,000.

9. On January 27, 2017, DEA and USPIS agents in Chattanooga conducted an intelligence-gathering controlled delivery of a suspicious package originating from the same area of California to which the above-mentioned currency was delivered. The package was addressed to 3507 McArthur Ave. in Chattanooga. The package was delivered to Tyrone PARKS, who was waiting in his vehicle for USPS delivery. After delivery, the package traveled inside the vehicle to 1214 Belmeade Ave. in Chattanooga.

10. After approximately 90 minutes, agents observed a black pickup truck registered to Tommy DEAN arrive at 1214 Belmeade Ave. Shortly thereafter, agents observed PARKS bring the package outside and place it inside DEAN's pickup truck.

11. Agents then observed DEAN travel to Hunter's Point Apartments located at 7434 Allemande Way. DEAN exited the truck and brought packages into building 11, apartment 104.

12. On April 4, 2017, agents intercepted a package addressed to 711 Gillespie Road in Chattanooga originating from this same area of California. On that same day, this Honorable Court granted a search warrant (*see* E.D. Tenn. case no. 1:17-MJ-69) in reference to that package. Upon execution, agents discovered approximately 5 kilograms of a substance that field tested presumptively positive for cocaine.

13. That same day, an undercover agent delivered the package to the address listed on the box. PARKS was again waiting in his vehicle for the package. PARKS received the package, took it to 1214 Belmeade Ave for a short time, and then travelled with the package to the same apartment on Allemande Way.

14. On April 4, 2017, this Honorable Court also granted search warrant (see E.D. Tenn. case no. 1:17-MJ-73) in reference to apartment 104 at Hunter's Point apartments on Allemande Way. Upon execution, agents discovered the USPS Mail package—the same package which had been opened and inspected. The cocaine originally contained within the package was removed and subsequently recovered from the apartment. PARKS, DEAN, and a third individual later identified as Conell LANGRAM, were all present inside the apartment.

15. During the search of LANGRAM's person, agents located a cellular telephone bearing the unique MEID HEX identifier A00000476829CC (i.e., the Target Device).

16. Agents also discovered another phone—identical in size and appearance to the Target Device—during their search of the apartment and its occupants. PARKS, DEAN, and LANGRAM all disclaimed any ownership in that phone. That phone was later found to contain text messages regarding narcotics trafficking.

17. Law enforcement recognized LANGRAM immediately upon his arrest as a previously unknown individual who was captured on video multiple times sending presumed packages of narcotics proceeds relating to this case.

18. For example, on March 31, 2017, LANGRAM was caught on video inside a Chattanooga Post Office mailing a package addressed an individual at "15795 YOSEMITE ST, VICTORVILLE, CA 92394." Law enforcement discovered that this package contained approximately $168,000 in bulk US currency.

19. On April 1, 2017, LANGRAM was caught on video at a different Chattanooga Post Office mailing a package to an individual known to law enforcement as a cocaine distributer at the address "15501 MISSION ST, HESPERIA, CA 92346." Law enforcement discovered that this package contained approximately $185,000 in bulk US currency.

20. On April 4, 2017, while searching the residence on Allemande Way at which LANGRAM was arrested, law enforcement discovered a package of similar size and bearing similar handwriting as the two packages referenced in paragraphs 18 and 19 above. This package was addressed to "7188 HAWTHORNE ST, HESPERIA, CA 92345." Law

enforcement search a residence located at this address and discovered approximately 10 kilograms of cocaine.

21. Based upon the above information, I believe that probable cause exists for a search warrant of the black Samsung cellular telephone bearing the unique MEID HEX A00000476829CC.

22. FURTHER AFFIANT SAYETH NAUGHT.

```
_____
Jedidiah Hutchison
Postal Inspector
United States Postal Inspection Service
```

Subscribed and sworn before me this 19th day of April 2017.

```
_____
HONORABLE CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:  Case No: 1:17-mj-89
Black Samsung flip style phone bearing the
Unique MEID HEX A00000476829CC

## ATTACHMENT A

The item to be searched (i.e., the "Target Device") may be described as a black Samsung cellular telephone bearing the unique mobile equipment identifier ("MEID") HEX A00000476829CC. The Target Device is currently located in the custody of DEA agents at the Chattanooga Resident Office at 5751 Uptain Rd. in Chattanooga, Tennessee.

IN THE MATTER OF THE SEARCH OF:  Case No: 1:17-mj-89
Black Samsung flip style phone bearing the
Unique MEID HEX A00000476829CC

## ATTACHMENT B

### LIST OF ITEMS AUTHORIZED TO BE SEARCHED-FOR AND SEIZED PURSUANT TO SEARCH WARRANT

All data stored and presently contained on the Target Device described in Attachment A, including without limitation:

a. Electronic messages, including text/SMS messages, electronic mail, messages sent or received using third-party software, and all attachments to the foregoing;

b. All transactional information of all activity of the telephone described above, including log files, messaging logs, local and long distance telephone connection records, records of session times and durations, dates and times of connecting, methods of connecting, telephone numbers associated with outgoing and incoming calls, cell tower information if available;

c. All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message;

d. Incoming and outgoing telephone numbers;

e. Incoming and outgoing call records;

f. Voice mail messages;

g. Information relating to who created, used, or communicated with the device or

account; and

      h.    Any videos and images generated, received, transmitted, or otherwise stored on the Target Device.